UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS D. MAYS, #218101,            )
                Plaintiff,          )
                                    )       No. 2:17-cv-167
-v-                                 )
                                    )       Honorable Paul L. Maloney
UNKNOWN PYNNONEN, et al.,           )
                Defendants.         )
                                    )

# ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

Plaintiff Marcus Mays is a prisoner under the control of the Michigan Department of Corrections. He filed this civil rights lawsuit against multiple people working at the Baraga Correctional Facility. Defendant Kristine Nyquist filed a motion for summary judgment. (ECF No. 43.) The Magistrate Judge issued a report recommending the motion be granted. (ECF No. 72.) Plaintiff filed objections. (ECF No. 74.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

A. Eighth Amendment Deliberate Indifference Claim

Plaintiff alleges Defendant Nyquist refused to treat him for serious medical needs on June 5. The Magistrate Judge concluded Plaintiff has not established a genuine issue of material fact for both the objective and the subjective prongs. Plaintiff objects. Regarding the analysis of the objective prong, Plaintiff's objection is overruled. Plaintiff's assertions that he was suffering from serious medical problems are not sufficient in light of his medical records. Thus, even if the Court were to agree with Plaintiff that there remain genuine issues of material fact whether he received any treatment at all on June 5, his claim would still fail.

The medical records do not support Plaintiff's assertion that he was injured. The injuries arose allegedly from a severe beating by some of the guards on May 25 and from the guards poisoning Plaintiff's food. The medical records establish Plaintiff was largely uncooperative with the medical staff and the medical staff did not find any physiological manifestations of the alleged injuries. The medical records show Plaintiff refused to be seen by health care on May 26. (ECF No. 45 PageID.460-62.) Plaintiff was seen by a nurse on May 27 and given medication for swelling and pain. (*Id.* PageID.463.) Plaintiff was observed at his cell by the staff on May 28, and the staff did not see any visible swelling. (*Id.* PageID.464.) A nurse visit occurred on May 29 which ended early because Plaintiff refused to cooperate. (*Id.* PageID.467-68.) Plaintiff was seen by a nurse on June 2, who conducted an oral examination. (*Id.* PageID.474-75.) Plaintiff complained of pain but the nurse did not document any swelling or numbness. (*Id.*) In this case, where the medical staff could not corroborate Plaintiff's assertions, his subjective complaints of pain will not satisfy the objective prong of the deliberate-indifference standard. See *Weatherspoon v. Woods*, No.

16-1277, 2017 WL 3923335, at *6 (6th Cir. Feb. 24, 2017) (unpublished opinion). *But see Vaughn v. City of Lebanon*, 18 F. App'x 252, 275-76 (6th Cir. 2001) (involving a pretrial detainee who did not provide objective evidence of a serious medical need and noting that, "subjective feelings of pain may, if sufficiently egregious, satisfy the objective component").

Plaintiff and Nyquist's version of the events in the exam room on June 5 are quite different. For the purpose of the Eighth Amendment claim, there is no genuine issue of material fact that Plaintiff suffered an objective medical injury amounting to a serious medical need.

B. First Amendment Retaliation

Plaintiff's retaliation claim against Nyquist arises from the same exam on June 5. Plaintiff claims Nyquist refused to provide any treatment for him because of a grievance filed on December 23, 2016. The Magistrate Judge concluded Plaintiff's claim failed on the causation element because no reasonable jury could find that Nyquist would wait five months to retaliate, and then provide treatment days after refusing to provide treatment. Plaintiff objects.

The Court rejects this portion of the Report and Recommendation. For this motion, the question is not whether a jury would accept Plaintiff's version of events. For this motion, the question is whether any evidence supports Plaintiff's version of events. There is. Plaintiff filed an affidavit attesting his recollection of the medical exam. The affidavit is attached to Plaintiff's response to Nyquist's motion. (ECF No. 57-4 Pl. Aff.) In paragraph 31, Plaintiff alleges that Nyquist said the following: "I told you that if you didn't sign off of the grievance you wouldn't receive any medical treatment from me. Nurse Kingan told you to sign off too,

. . . . I can speak for the whole staff, we are not going to treat you." (*Id.* PageID.625.) Plaintiff alleges Nyquist then ordered the officers to get him out of the exam room. Taking the evidence in the light most favorable to Plaintiff, a genuine issue of material fact exists.

Accordingly, the retaliation claim will survive the motion for summary judgment.

C. Fourteenth Amendment - Access to the Courts

Plaintiff contends that Nyquist's threats of retaliation for grievances constitutes interference with his access to the courts. The Magistrate Judge concluded that Plaintiff failed to show actual prejudice. Plaintiff objects. Plaintiff's objection is overruled. He has not demonstrated actual prejudice or interference with his access to the courts.

For these reasons, the Report and Recommendation (ECF No. 72) is **ADOPTED IN PART and REJECTED IN PART.** The R&R is adopted as the Opinion of this Court for the recommendations concerning Plaintiff's Eighth Amendment and Fourteenth Amendment claims. The R&R is rejected for the recommendation concerning Plaintiff's retaliation claim against Defendant Nyquist.

For the same reasons, Nyquist's motion for summary judgment (ECF No. 43) is **GRANTED IN PART and DENIED IN PART. IT IS SO ORDERED.**

Date: September 17, 2019                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge