UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARCUS MAYS, #218101, )<br>  Plaintiff, )<br> )<br>-v- )<br> )<br>UNKNOWN PYNNONEN, *et al.*, )<br>  Defendants. )<br> ) | No. 2:17-cv-167<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Marcus Mays, a prisoner under the control of the Michigan Department of Correction (MDOC) filed a civil rights lawsuit. Currently pending are two motions for summary judgment filed by Defendants. (ECF Nos. 89 and 92.) The Magistrate Judge issued a report recommending the Court grant both motions, at least in part, and dismiss the lawsuit. (ECF No. 110.) Mays filed objections. (ECF No. 111.) The Court has reviewed the record and will adopt the Report and Recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objection 1. "False" or "Unfounded"

Plaintiff objects to the use of the word "false" by the Magistrate Judge to characterize how the MDOC resolved his claims following its investigation. The objection is overruled. This particular objection is a difference without significance. Even if Plaintiff is correct and the Magistrate Judge should have used the word "unfounded," Plaintiff has not demonstrated that the change would alter the recommendations.

In this objection, and elsewhere, Plaintiff asserts that the investigation performed by MDOC was inadequate and insufficient. And, Plaintiff insists that MDOC is in control of the proof that would support his claim. Plaintiff's situation is not uncommon. Many plaintiffs in civil actions file claims against the entities who control the evidence relevant to the dispute. The Federal Rules of Civil Procedure provide for discovery so that the party making the claim has a means of obtaining the evidence. The Court notes that the Magistrate Judge entered a case management order that authorized discovery. (ECF No. 79.) Defendants did not file these motions for summary judgment until after discovery closed.

Objection 2. Exhaustion of Claims Against Defendant Nyquist

The Magistrate Judge concludes that Plaintiff could not have exhausted his retaliation claim against Nyquist because the only relevant grievance was filed before the alleged act of retaliation occurred. Plaintiff objects, insisting that MDOC waived procedural irregularities by failing to raise those irregularities at the different stages of the grievance process. The objection is overruled. The Magistrate Judge accurately summarized the facts and correctly applied the law. The objection does not address the reasoning and conclusion in the R&R.

Objection 3.  Eighth Amendment Excessive Force

The Magistrate Judge concludes Plaintiff failed to create a genuine issue of material fact for an Eighth Amendment claim based on excessive force.  Plaintiff objects.  The objection is overruled.  As the Magistrate Judge explained, Plaintiff has no evidence to support this claim other than his own statements.  The Magistrate Judge identifies medical evidence in the record that flatly contradicts Plaintiff's version of events.  And, the Magistrate Judge notes how Plaintiff frequently refused to cooperate with medical staff who could have documented the very injuries Plaintiff alleges.  Plaintiff contends here that MDOC controls all of the evidence that would support his claim.  As mentioned above, Plaintiff could have used discovery to obtain some admissible evidence that would have supported his claim.

Objection 4.  Eighth Amendment Deliberate Indifference

The Magistrate Judge concludes that the record does not support a claim for deliberate indifference that arises to a constitutional level.  Plaintiff objects.  The record does not support Plaintiff's argument or his objections.  As the Magistrate Judge reasons, this case does not present a situation where contradictory evidence creates a genuine issue of material fact that must be resolved by a jury.  Here, Defendants have documented their observations of Plaintiff, his alleged injuries, and his unwillingness to cooperate, among other things.  When faced with the documents, Plaintiff relies on his own self-serving statements that functionally charge Defendants with making the whole thing up.

Objection 5.  Retaliation - Defendant Corrigan

The Magistrate Judge concludes that the evidence does not support a claim that Defendant Corrigan refused to treat Plaintiff as retaliation.  Plaintiff objects.  The objection

is overruled. Again, the record simply does not support Plaintiff's argument or his objections.

For these reasons, the Court **ADOPTS** as its Opinion, the Report and Recommendation. (ECF No. 110.) The Court **GRANTS IN PART** Defendant Nyquist's motion for summary judgment (ECF No. 89) and finds that Plaintiff did not exhaust his administrative remedies against Nyquist for the retaliation claim. Plaintiff's retaliation claim against Nyqist is **DISMISSED WITHOUT PREJUDICE.** The Court **GRANTS** the other Defendants' motion for summary judgment. (ECF No. 92.) The claims against those defendants, which are outlined on page 4 of the R&R (PageID.1244) are **DISMISSED WITH PREJUDICE. IT IS SO ORDERED.**

Date:  January 27, 2021                                                              /s/ Paul L. Maloney
                                                                                                     Paul L. Maloney
                                                                                                     United States District Judge